UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

**FILED**
**JAN 1 8 2006**
CLERK

| | | |
|---|---|---|
| ROBERT R. TAIL, | ) | CIV. 05-5050 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOHN M. LONG, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the Defendant's motion to dismiss [doc. #11]. All briefing is complete and this motion is ripe for disposition. For the following reasons, the Court will grant the motion to dismiss.

## I. BACKGROUND

On June 21, 2005, the Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. The Complaint names Agent John Long ("Agent Long") of the Bureau of Indian Affairs as a defendant. In the Complaint, the Plaintiff alleges that, when he was arrested on the Pine Ridge Reservation, he was transported to the Pennington County Jail because he was going to face federal charges. The Plaintiff claims he was fingerprinted, released into state custody, and subsequently prosecuted for state charges. The Plaintiff avers that the original charges were used against him as a prior felony in state court.

The Plaintiff seeks to have this Court review the way he was arrested and later transferred to state jurisdiction without appropriate authority. The Plaintiff wants the Court "to file a motion to invalidate the lower court's ruling" due to the handling of his case. The Plaintiff adds that his Chief Red Cloud did not authorize his removal.

Attached to the Complaint were two letters to the Court Clerk, apparently adding more information regarding the Complaint to address deficiencies the Clerk had brought to the Plaintiff's attention. In one letter, dated June 13, 2005, the Plaintiff states he currently has an appeal pending in state court. The Plaintiff adds that he "would like to exhaust that legal remedy before [he] decide[s] to initiate a Habeas Corpus on a federal level." The Plaintiff continues, asserting a jurisdictional problem existed in his initial arrest, which he believes was unlawful and in violation of his due process rights.

The government moved to dismiss the Complaint on two grounds. First, the government moves to dismiss the Complaint based on Fed. R. Civ. P. 12(b)(6), arguing the Complaint fails to state a claim for which relief may be granted. Second, the government moves to dismiss based on 28 U.S.C. § 2254(b)(1)(A), arguing the Plaintiff failed to exhaust administrative remedies. The government filed a memorandum of law in support of the motion. The Plaintiff filed a memorandum in opposition. This matter was referred to United States Magistrate Judge Marshall P. Young for proposed findings and recommendations for the disposition of the case. Judge Young recommended the government's motion to dismiss be granted on both grounds for relief. The Plaintiff filed a response to Judge Young's findings and recommendations.

## II. DISCUSSION

The government moves to dismiss the Complaint, pursuant to Rule 12(b)(6), on the ground that the Complaint fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A complaint must not be dismissed under 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate an entitlement to relief.'" Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 613 (8th Cir. 2003) (quoting Gordon v. Hansen, 168 F.3d

1109, 1113 (8th Cir. 1999)). "[W]e accept the complaint's factual allegations as true and construe them in a light most favorable to the plaintiff." Id. (citation omitted). The Eighth Circuit has emphasized that

> [a] complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997).

**A.      42 U.S.C. § 1983 and Bivens**

Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

However, "Section 1983 claims are unavailable against" federal defendants "due to that section's state action requirement." Schutterle v. United States, 74 F.3d 846, 848 (8th Cir. 1996); see also Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam) ("Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law, but is inapplicable to persons acting under color of federal law."). "Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). "[T]he complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Very simply, the Plaintiff fails to state a claim against Agent Long because the Complaint does

not assert Agent Long was involved in any activities delineated in the Complaint as alleged constitutional violations. The Complaint does not make any assertion Agent Long committed any kind of act at all, much less that Agent Long committed an act under color of state law. Nowhere in his prayer for relief does the Plaintiff request anything with regard to Agent Long, nor does it request any relief Agent Long possibly could provide. Similar to the situation in Martin, the Plaintiff "does not allege that [Agent Long] was personally involved in or had direct responsibility for incidents that injured him. His claims, therefore, are not cognizable" under section 1983. Id.

Furthermore, the Court notes "[a] Bivens action, providing a cause of action against federal officers under the Constitution, is available against federal officers." Id. (citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)). Even giving the Plaintiff's Complaint a liberal construction, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004), the Complaint fails to allege a Bivens claim. Although Agent Long possibly could be a defendant to a Bivens action, in this case he "is not a proper Bivens defendant as named individuals must have been actively involved in the alleged constitutional violation to support Bivens liability." Id. As noted above, the Complaint makes no allegation of any action by Agent Long that could have resulted in a constitutional violation to the Plaintiff. Thus, the Court must dismiss the Complaint for failure to state a claim for which relief can be granted.

**B.  28 U.S.C. § 2254**

Alternatively, the government seeks dismissal due to the Plaintiff's failure to exhaust state remedies. The government's argument here is based on the relief the Plaintiff seeks. The Plaintiff wants 1) to have the Court review the way he was arrested and transferred to state

jurisdiction without appropriate authority, and 2) to have the Court invalidate another court's ruling due to the handling of the Plaintiff's case. Normally, this relief is sought in a habeas petition under 28 U.S.C. § 2254, not in a lawsuit under 42 U.S.C. § 1983. Thus, due to the nature of the relief the Plaintiff seeks, the Court, in the alternative, will liberally construe the Complaint as a habeas corpus petition under section 2254.

"Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'" Armstrong v. Iowa, 418 F.3d 924, 925 (8th Cir. 2005) (quoting 28 U.S.C. § 2254(b)(1)(A)). "The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" Mellott v. Putkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Id. (citation omitted).

Nothing in the Complaint shows the Plaintiff has exhausted his State remedies. In fact, a letter attached to the Plaintiff's Complaint makes it clear that he currently is appealing his State-court conviction. The letter even indicates the Plaintiff would like to exhaust that remedy before initiating a habeas proceeding in federal court. While the Court "may grant habeas relief even absent exhaustion if special circumstances are present," id., nothing in the Complaint shows special circumstances, such as "an absence of available State corrective process" or the existence of circumstances "render[ing] such process ineffective to protect the rights of the applicant," 18 U.S.C. § 2254(b)(1)(B)(i)-(ii). Thus, it is clear the Plaintiff has not exhausted all his State

remedies, and the Court does not find special circumstances exist to excuse the failure to exhaust. To the extent the Plaintiff's Complaint could be construed as a habeas petition under section 2254, it must be dismissed for failure to exhaust State remedies.

### III. CONCLUSION

The Plaintiff does not state a cognizable claim under 42 U.S.C. § 1983 or under <u>Bivens</u>. Also, the Plaintiff has not exhausted all State remedies, as required under 28 U.S.C. § 2254. The Court will dismiss the Plaintiff's Complaint without prejudice. Accordingly, it is hereby

ORDERED that the Defendant's motion to dismiss [doc. #11] is GRANTED. The Complaint is dismissed without prejudice.

Dated this 18th day of January, 2006.

BY THE COURT:

_____
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE